**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 24-CR-078-JFH** |
| **TRACEY NICOLE RADICK,** | |
| **Defendant.** | |

## OPINION AND ORDER

Before the Court is the Defendant Tracy Nicole Radick's appeal of Magistrate Judge Robertson's order detaining Defendant pending trial ("Motion"). Dkt. No. 25. Magistrate Judge Robertson ordered that Defendant be detained pending trial on May 30, 2024. Dkt. No. 20. Defendant now appeals, contending that Magistrate Judge Robertson erred in ordering that she be detained pending trial. Upon de novo review, this Court affirms the order detaining Defendant.

## BACKGROUND

Defendant was charged by indictment on May 15, 2024 with one count of Possession with Intent to Distribute 50 grams or more of methamphetamine and one count of being a Felon in Possession of a Firearm and Ammunition. Dkt. No. 2. The Government moved to detain Defendant on May 24, 2024 [Dkt. No. 8], and Defendant was arraigned on May 28, 2024, with a detention hearing set for May 30, 2024.

At the detention hearing, the Court took judicial notice, without objection, of the Pretrial Services Report created by the United States Probation Office. Dkt. No. 29, p. 3. The report indicates that Defendant has a significant criminal history, including two prior felony convictions in Oklahoma state court: in 2012 Defendant was convicted of Endeavoring to Manufacture a Controlled Dangerous Substance and of Child Endangerment; in 2017, Defendant was convicted

of Possession of a Firearm after Former Felony Conviction.  The report also indicates prior arrests for: yet another Possession of a Firearm after Felony Conviction Offense, Driving Under the Influence, Petit Larceny, Leaving the Scene of an Accident, and Assault and Battery with a Deadly Weapon.  The report indicates that Defendant has previously violated the conditions of probation each of the two times she has been placed on probation and that Defendant has failed to appear for court on a number of occasions.

The Government proffered that evidence would demonstrate that a search warrant was executed on Defendant's property on February 14, 2024, and law enforcement recovered two firearms and ammunition, 437.95 grams of methamphetamine, 3.69 grams of fentanyl, and 227.5 grams of marijuana.  Dkt. No. 29, pp. 3-4.  After arrest, the Defendant told officers that the methamphetamine was for resale and that she was selling the methamphetamine for $150 or $200 an ounce.  *Id*. at p. 4.  Defendant also, while in custody, coordinated with another individual to erase the contents of Defendant's cell phone.  *Id*. at p. 5.

Defendant introduced exhibits 1 through 4, consisting of letter of support from Defendant's father, brother, and son, as well as a letter from Defendant's state court attorney.  *Id*. at p. 6. Defendant proffered that Defendant has strong family support within the community who would ensure that Defendant makes all required court appearances.  *Id*.  Defendant also argued that an ankle monitor would effectively ensure Defendant's appearance in Court.  *Id*.

The Government argued that Defendant should be considered a flight risk due to the seriousness of the charges against her and due to Defendant's history of failing to appear for prior court dates.  Id. at 7.  The Government also argued that the weight of the evidence, Defendant's criminal history, and her history of probation violations all favored detention. *Id*. at 8.  The Defendant argued that her history of failing to appear for court had been overstated, that Defendant

has the means and support to ensure that she appears at her Court appearances, and it would be in the interests of the community to permit Defendant to wrap up her business ventures.  Id. at 9-10.

Magistrate Judge Robertson held, in a thorough spoken Order, that Defendant had rebutted the presumption of detention in the case by introducing the letter exhibits.  *Id*. at 12-13.  However, the factors under 18 U.S.C. §3142(g), in particular Defendant's lengthy history of violating her conditions of probation and failing to appear for Court, led Magistrate Judge Robertson to conclude that detention was necessary, and the Government had met its burden of showing that no condition or combination of conditions would reasonably assure the appearance of Defendant or reasonably ensure the safety of the community.  *Id*. at 13-17.  Defendant now appeals Magistrate Judge Robertson's detention order.  Dkt. No. 25.

## AUTHORITY AND ANALYSIS

### I.   STANDARDS GOVERNING THE COURT'S REVIEW.

Under the Bail Reform Act of 1984, a court must order a criminal defendant's pretrial release, with or without conditions, unless it "finds that no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1).

In determining whether there are conditions that would "reasonably assure the appearance of the [defendant] as required and the safety of any other person and the community", the Court must consider:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the [defendant];
>
> (3) the history and characteristics of the [defendant], including—

(A) the [defendant's] character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether, at the time of the current offense or arrest, the [defendant] was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the [defendant's] release.

18 U.S.C. § 3142(g).  The law further provides:

Subject to rebuttal by the [defendant], it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed--

(A) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.) … [or]

(B) an offense under section 924(c), 956(a), or 2332b of this title…

18 U.S.C. § 3142(e)(3).  Regarding the detention presumption, the Tenth Circuit has written:

Once the presumption is invoked, the burden of production shifts to the defendant. However, the burden of persuasion regarding risk-of-flight and danger to the community always remains with the government.  The defendant's burden of production is not heavy, but some evidence must be produced.  Even if a defendant's burden of production is met, the presumption remains a factor for consideration by the district court in determining whether to release or detain.

*United States v. Stricklin*, 932 F.2d 1353, 1354-55 (10th Cir. 1991).  Therefore, while Defendant must produce some evidence as to flight risk and danger to the community, the Government always bears the ultimate burden of persuasion.  *Id.*  The Government must demonstrate that a defendant is flight risk by a preponderance of the evidence, or it must demonstrate dangerousness by clear and convincing evidence.  *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003).

4

When a magistrate judge orders a defendant detained, the defendant may appeal the detention order to the district court.  18 U.S.C. § 3145(b).  The district court reviews such a motion de novo.  *Cisneros*, 328 F.3d at 616 n.1.

## II.   UPON DE NOVO REVIEW, THE COURT FINDS THAT DEFENDANT SHOULD BE DETAINED PENDING TRIAL.

Considering all necessary factors as set forth in 18 U.S.C. § 3142(g), the Court finds that the detention order should be affirmed, and that Defendant should be detained pending trial of this matter.  The gravity of the charges against Defendant, the weight of the evidence, Defendant's criminal history, her history of failing to appear for court appearances, and her poor record on probation render Defendant both a flight risk and a potential danger to the community.

### A.  There is a Presumption of Detention in this Case.

Defendant is charged with one count of Possession with Intent to Distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§841(a)(1) and 841(b)(1)(A).  Dkt. No. 2.  This is a controlled substance offense with a maximum penalty greater than 10 years.  There is a presumption of detention under 18 U.S.C. §3142(e)(3).

Defendant has met her burden of producing "some evidence" rebutting the presumption of detention in this case.  *Stricklin*, 932 F.2d at 1355.  In particular, the exhibits put forth by Defendant demonstrate that Defendant has familial support who would be willing to aid Defendant in making all necessary court appearances.  Though Defendant has rebutted the presumption of detention, the presumption "remains a factor for consideration."  *Stricklin*, 932 F.2d at 1355 (citing *United States v. Cook*, 880 F.2d 1158, 1162 (10th Cir. 1989)).

### B.  The nature of the offense and the weight of the evidence weigh in favor of detaining

**Defendant.**

Defendant has been charged with one count of Possession with Intent to Distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§841(a)(1) and 841(b)(1)(A); this offense carries a mandatory minimum sentence of 10 years and up to life in prison. Defendant is additionally charged with being a felon in possession of a firearm. These are serious offenses. Considering in particular the mandatory minimum sentence carried by count one, the nature of the charged offense slightly favors detention.

The weight of the evidence against Defendant appears to be particularly strong. Not only was the methamphetamine found in Defendant's home, in which Defendant alone resides, Defendant allegedly admitted to law enforcement officers that she intended to sell the methamphetamine that had been found. The weight of the evidence, particularly when considered in conjunction with the serious nature of the offense, is relevant to whether Defendant presents a flight risk. Moreover, Defendant's alleged involvement with firearms and unlawful drugs (which, as evidenced in the Pretrial Services Report, has been a pattern in Defendant's prior criminality as well) indicates that Defendant may pose a danger to the community should she be released. The nature of the offense and the weight of the evidence favor detention.

## C. Defendant's history and characteristics favor detention.

In considering Defendant's history and characteristics, the Court is persuaded that Defendant's criminal history, her history of failing to appear for court, her repeated failure to live up to her probation obligations, and her alleged post-arrest criminal activity all indicate that Defendant is a flight risk and a potential danger to the community. Thus, this factor also favors detention.

As set forth in the Pretrial Services Report, Defendant has been convicted of felony offenses on two prior occasions; Defendant was convicted of Endeavoring to Manufacture CDS and of Child Endangerment in 2012, and she was convicted of Felon in Possession of a Firearm in 2017. Additionally, it appears that Defendant was charged with unlawful possession of a firearm again in 2019, though the disposition of this case is unknown, and Defendant's criminal history is marked by numerous other misdemeanor convictions. Defendant is currently also facing a state court charge for conspiring to destroy evidence; at the detention hearing, the Government proffered evidence that, after Defendant's arrest, she called an unknown individual and instructed him to remotely erase the contents of Defendant's cell phone. Such a blatant effort at obstructing justice does not speak well of Defendant's ability to behave in a law-abiding manner should she be released pending trial.

Perhaps most critical to the Court's decision is Defendant's abysmal record on probation throughout her life and her persistent failures to make required court appearances. The Pretrial Services Report indicates that Defendant has been placed on probation twice, once in 2012 and once in 2017, and each time the probationary sentence was revoked. Defendant's checkered history on supervision includes repeated refusal to abide by conditions of supervision, attain treatment, as directed, and a history of committing new criminal offenses while under supervision. The Report also demonstrates that Defendant has failed to appear for required court appearances on no fewer than four occasions.

Taken together, Defendant's criminal history, her poor record on probation and supervised release, and her history of failing to appear for court lead this Court to believe that Defendant would be a serious flight risk should she be released on any condition. As Magistrate Judge Robertson's observed: "the choice that this Court is to make today was determined long ago by

7

Defendant's own conduct. Defendant has indicated to several different state courts that she could not follow their rules or conditions when she was given an opportunity." Dkt. No. 29, pp. 16-17.

**D. Defendant would pose a danger to the community should she be released.**

In considering whether Defendant would pose a danger to the community, the "[t]he concern about safety is to be given a broader construction than the mere danger of physical violence. Safety of the community refers to the danger that the defendant might engage in criminal activity to the detriment of the community." *Cook*, 880 F.2d at 1161. This undoubtedly includes the danger that Defendant may continue trafficking illegal drugs upon release or continue to attempt to obstruct her own prosecution. *Id*.

Given the above explication of Defendant's past offenses (including offenses involving firearms), her alleged attempts to obstruct justice in this case, and her history of failing to abide by conditions of probation and supervised release, the Court is satisfied that there is clear and convincing evidence that Defendant would represent an "identified and articulable threat" to the community should she be released on conditions. *Cisneros*, 328 F.3d at 619. This factor again weighs in favor of detention.

## CONCLUSION

Having conducted a de novo review, the Court finds that the Government has shown by a preponderance of the evidence that Defendant represents a flight risk, and the Government has shown by clear and convincing evidence that Defendant presents a danger to the community, and no condition or combination of conditions will alleviate these risks. Therefore, Defendant will be detained pending trial.

IT IS THEREFORE ORDERED that Defendant's Motion [Dkt. No. 25] is DENIED.

IT IS FURTHER ORDERED that Defendant Tracey Nicole Radick shall be detained

8

pending trial.  Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal.  Defendant must be afforded a reasonable opportunity to consult privately with defense counsel.  On order of the United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver Defendant to the United States Marshal for a court appearance.

Dated this 28th day of June 2024.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE