# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CR-24-078-JFH |
| TRACEY NICOLE RADICK, | ) |
| Defendant. | ) |

### FINDINGS AND RECOMMENDATION

This matter comes before the Court on Defendant's Opposed Motion to Suppress Evidence (Docket Entry #26). On July 9, 2024, this Court conducted an evidentiary hearing on Defendant's Motion with counsel and Defendant present. This Motion was referred to the undersigned for the entry of Findings and a Recommendation by presiding United States District Judge John F. Heil, III.

On February 12, 2023, Galen Irvin, an investigator for the Sequoyah County Sheriff's Office, signed and submitted an Affidavit for Search Warrant (the "Affidavit") to District Judge Matt Orendorff of the District Court in and for Sequoyah County, Oklahoma. The style of the case where the Affidavit was filed was entitled "In the Matter of Search Warrant at the Residence of Tracey Radick [GPS coordinates blacked out in the filing] Located in Sequoyah County, Oklahoma." The Affidavit states that Investigator Irvin had probable cause to believe that evidence of "unlawful possession, possession with the intent to distribute, and/or distribution of controlled dangerous substances, possession of precursor(s)" would be present on the property. After defining what items would constitute evidence of "controlled dangerous substances," the Affidavit states as follows:

> I further state that the above described property may be found and is now being kept, possessed and/or concealed in the following described location, upon persons, or upon or within certain vehicles, and/or house, building or premises, the curtilage thereof and appurtenances thereof belonging, in Sequoyah County, Oklahoma, described as follows:
>
> The residence to be searched is a white in color camper trailer.
>
> *See* Affidavit for Search Warrant appended to Defendant's Motion to Suppress (Docket Entry No. 26-1) at pp. 4-5.

Investigator Irvin set out that on February 9, 2024 at about 3:00 p.m., Investigator Dwayne Frizzell and Investigator Irvin were contacted by Deputy Shane Petree about an arrest he had made of Christopher Cato. Cato requested to speak with investigators after suspected methamphetamine was found in his vehicle.

Investigator Irvin attested that he and Investigator Frizzell interviewed Cato, after he was advised of and waived his Miranda rights. Cato stated that

> on 2/9/24 at about 12:30 pm – 1 pm he went to an address behind Gum Springs Church on Highway 10A. He stated that he had purchased an ounce of methamphetamine from Tracey, who lives at this address. Mr. Cato also advised that while he was present another male subject purchased 4 to 5 ounces for $500 dollars. Mr. Cato was able to show me on a map and describe where the residence was located. I was able to identify the address as [REDACTED IN ORIGINAL]. I was able to identify "Tracey" as Tracey Radick (DOB 1/15/86). Mr. Cato identified Mrs. Radick by a previous booking photo and was also able to identify the residence by photo.
>
> Mr. Cato advised that Mrs. Radick stays in the camper and is currently remodeling a single wide trailer with metal siding. Also located on the property is a white in color motorhome and numerous outbuildings. Mr. Cato also advised that no one resides on the property with Mrs. Radick.
>
> *See* Affidavit for Search Warrant appended to Defendant's Motion to Suppress (Docket Entry No. 26-1) at p. 5.

2

Based upon this Affidavit, a Search Warrant was signed by Special Judge Matt Orendorff on February 12, 2024 at 1:15 p.m. and filed with the Sequoyah County Court Clerk on February 15, 2024. The Search Warrant indicates that

> Probable cause having been shown on this date before me by Galen Irvin, a Criminal Investigator with the Sequoyah County Sheriff's Department, the following property constitutes evidence of a crime as defined by Oklahoma Statutes in Title 63, to-wit: unlawful possession, possession with the intent to distribute, and/or distribution of controlled dangerous substances.
>
> *See* Search Warrant appended to Defendant's Motion to Suppress (Docket Entry No. 26-2) at p. 7.

The Search Warrant then listed various items that could be seized as evidence of the designated offenses pertaining to the possession and distribution of controlled dangerous substances under Oklahoma law. The Search Warrant designated the area to be searched by curiously regurgitating language which was used by Investigator Irvin in the Affidavit which appears misplaced in the Search Warrant signed by a judicial officer. Specifically, the Search Warrant states

> I further state that the above described property may be found and is now being kept, possessed and/or concealed in the following described location, upon persons, or upon or within certain vehicles, and/or house, building or premises, the curtilage thereof and appurtenances thereof belonging, in Sequoyah County, Oklahoma, described as follow:
>
> The residence to be searched is a white in color camper trailer.
>
> *See* Search Warrant appended to Defendant's Motion to Suppress (Docket Entry No. 26-2) at p. 7.

The Search Warrant then commands that an immediate daytime search be made of "**said** persons, **residence**, vehicles, and/or buildings and premises, the curtilage thereof and

appurtenances thereto belonging to **the described property**, for said property, and if found to seize the same, and make a written return hereof according to law." *See* Search Warrant appended to Defendant's Motion to Suppress (Docket Entry No. 26-2) at p. 8 (emphasis added by this Court).

Investigator Irvin testified that he had dealt with Cato in the past but had not previously provided any information to him. Cato had worked for the mechanic's shop of the Sequoyah County Sheriff's office in the past. After his arrest, Cato voluntarily provided information concerning the purchase of methamphetamine, drawing a rough map of the location where he had made the purchase. Investigator Irvin then located the property on Apple maps with Cato pointing out the location. As stated in the Affidavit for Search Warrant, Cato told Investigator Irvin that he had purchased the methamphetamine from "Tracey" and Investigator Irvin determined Defendant's full name from identifying the property from which Cato made the purchase. Cato described the seller as a "white female with shorter hair." Investigator Irvin obtained a booking photograph of Defendant from a prior arrest to show to Cato for identification.

Investigator Irvin further testified that Cato purchased the drugs from "Tracey" and observed another man also purchase methamphetamine from her. Cato, however, did not indicate where he purchased the drugs from "Tracey" on the property. Investigator Irvin also testified that Cato only saw the drugs that were purchased by him and the other man. Investigator Irvin stated that he made no effort to confirm Cato's allegations before seeking the Search Warrant. He specifically targeted the white camper in the Affidavit for Search Warrant because "Defendant lived there."

Investigator Irvin stated the law enforcement searched the white camper on Defendant's property as well as an RV and the outbuildings on February 14, 2024. Investigator Irvin was

present during the search as well as other law enforcement from the Sequoyah County Sheriff's Office and the Drug Enforcement Administration ("DEA").[1] The Government's brief indicates that a search of the white RV revealed approximately 201 grams of a green leafy substance, a jar of approximately 26 grams of a green leafy substance, a gallon-sized Ziplock bag containing approximately 402 grams of a white crystal-like substance, a second bag of approximately 50 grams of a white crystal-like substance, and a set of digital scales. A search of the white camper trailer uncovered a Smith and Wesson loaded pistol, $4,373 dollars in United States currency, a small plastic container containing a white powder substance, a plastic mortar and pestle containing a white powder, and two Samsung cellular telephones. A search of a red outbuilding on the property found a Browning rifle. Testing of the white powder indicated the presence of methamphetamine and fentanyl.

On February 14, 2024, Defendant was arrested and charged by the Sequoyah County, Oklahoma authorities on drug and gun charges. On May 15, 2024, a grand jury sitting in this District returned an Indictment charging Defendant with Possession with Intent to Distribute Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A); Felon in Possession of Firearm and Ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8); and a forfeiture allegation in accordance with 18 U.S.C. § 924(d), 21 U.S.C. § 853, and 28 U.S.C. § 2461(c). Defendant remains detained.

Through her Motion, Defendant challenges (1) law enforcement's reliance upon Cato's statements in obtaining the Search Warrant without corroboration of their veracity or Cato's

---

[1] While Investigator Irvin testified that the law enforcement presence during the search included officers from the Sequoyah County Sheriff's Office and DEA, the Government's briefing states that members of the Sequoyah County Sheriff's Office and agents with the Bureau of Alcohol, Tobacco, and Firearms ("ATF") were present.

reliability as a source of information; (2) the sufficiency of the Affidavit for Search Warrant in establishing probable cause to believe criminal activity or contraband would be found on Defendant's property; and (3) circumstances preclude the application of the good faith exception recognized in United States v. Leon, 468 U.S. 897 (1984).

The Fourth Amendment to the United States Constitution requires that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const., amend. IV. Defendant first contends that law enforcement did not take measures to corroborate Cato's statements by performing a controlled buy of drugs from Defendant or surveilling Defendant's property to ascertain if further drug sales occurred.

Generally, corroboration of information provided by an informant is needed to establish the informant's veracity or reliability. United States v. Danhauer, 229 F.3d 1002, 1006 (10th Cir. 2000) ("When there is sufficient independent corroboration of an informant's information, there is no need to establish the veracity of the information.") (citation omitted). In this case, the information was not provided by an anonymous source or a confidential informant. Rather, Cato was an individual that law enforcement knew, having once worked for the Sequoyah County Sheriff's Office. Further, Cato related that he purchased approximately one ounce of methamphetamine the day of his arrest which was on his person and described the property and the person from which he purchased the drugs. Investigator Irvin then independently verified the ownership and location of the property identified by Cato and confirmed Defendant's identity as the seller of the drugs with Cato through her previous booking photograph. Further efforts to evaluate Cato's veracity were unnecessary because of the corroboration of the facts provided by

him.

This does not, however, end the inquiry into the deficiencies and limitations of the Affidavit for Search Warrant and resultant Search Warrant. Probable cause is required to support a search warrant. United States v. Biglow, 562 F.3d 1272, 1280-81 (10th Cir. 2009). Probable cause to issue a search warrant exists if the supporting affidavit provides facts sufficient to "lead a prudent person to believe that a search of the described premises would uncover contraband or evidence of a crime." United States v. Sanchez, 555 F.3d 910, 914 (10th Cir. 2009) (citing United States v. Rowland, 145 F.3d 1194, 1204 (10th Cir. 1998)). This requires more than a "mere suspicion" but does not require evidence sufficient to convict. Danhauer, 229 F.3d at 1005. "A magistrate judge's task in determining whether probable cause exists to support a search warrant 'is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" United States v. Artez, 389 F.3d 1106, 1111 (10th Cir. 2004) quoting Illinois v. Gates, 462 U.S. 213, 238 (1983). A magistrate judge's decision to issue a warrant is entitled to "great deference." Id. (citations omitted). As a result, the subsequent inquiry for suppression purposes is whether, "under the totality of the circumstances presented in the affidavit, the magistrate judge had a 'substantial basis' for determining that probable cause existed." Id. (citations omitted).

The Affidavit for Search Warrant provides probable cause to search Defendant's residence. Since the methamphetamine was purchased by Cato and was observed to be purchased by another man at the property, it was reasonable to conclude that contraband would be found where

Defendant lives on the property.

Defendant's citation to United States v. Rowland, 145 F.3d 1194 (10th Cir. 1988) is fully distinguishable. Law enforcement in Rowland obtained an anticipatory search warrant after materials depicting sexual activity with minors was mailed to a post office box. Law enforcement anticipated that the materials would be taken to the defendant's residence but had no probable cause to believe that it was actually present since they did not observe the video tape recordings being transported to the residence. Here, Cato purchased and observed the purchase of drugs at Defendant's residence. The fact he did not observe a cache of additional drugs at the residence does not affect the analysis that a "fair probability" probability existed that further contraband would be located at the place from which Defendant was allegedly trafficking drugs.[2]

Since probable cause existed for the search of the camper trailer on Defendant's property, this Court need not address the whether the officer executing the Search Warrant acted with an objective good-faith belief that the warrant was properly issued by a neutral magistrate under Leon.

IT IS THEREFORE THE RECOMMENDATION OF THIS COURT that Defendant's Opposed Motion to Suppress Evidence (Docket Entry #26) be **DENIED**.

The parties are given fourteen (14) days from the date of the service of these Findings and

---

[2] This Court is mindful that the search justified by the Affidavit for Search Warrant and authorized by the Search Warrant was limited to Defendant's "residence to be searched" which was expressly defined in the Affidavit as "a white in color camper trailer." Indeed, the information provided by Cato indicated that Defendant "stays in the camper" while remodeling the single-wide trailer. The identification of the "residence to be searched" is continued in the Search Warrant itself, again establishing "a white in color camper trailer" as the objective of the search and the limitation of the authorization provided by the state court judge executing the warrant. A search of other structures on the property was not authorized outside of the camper trailer on the property. The Search Warrant also includes in boilerplate language references to "certain vehicles, and/or house, building or premises, the curtilage thereof and appurtenances thereof belonging. . . ." It is unclear whether this awkward language would permit a search of the other structures on Defendant's property given the express limitation of the search to the "white in color camper trailer." The suppression motion, however, does not raise this issue so evidence surrounding whether the other structures were within the curtilage of the residence or whether the search of which was authorized by the Search Warrant were not presented to the Court.

Recommendation to file with the Clerk of the court any objections with supporting brief. Failure to object to the Findings and Recommendation within fourteen (14) days will preclude appellate review of the judgment of the District Court based on such findings.

IT IS SO ORDERED this 27th day of August, 2024.

_____
JASON A. ROBERTSON
UNITED STATES MAGISTRATE JUDGE