IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TRACEY NICOLE RADICK,<br><br>Defendants. | Case No. 24-CR-0078-JFH |

**OPINION AND ORDER**

Before the Court is Defendant's Objection [Dkt. No. 45] to Magistrate Judge Robertson's Report and Recommendation [Dkt. No. 43] on Defendant's Motion to Suppress [Dkt. No. 26]. The Government has filed a Response in opposition to Defendants' Objection [Dkt. No. 48], and this matter is ripe for consideration. For the reasons stated below, Defendant's Objection is overruled.

**BACKGROUND**

Tracey Nicole Radick was charged by indictment on May 15, 2024 with one count of Possession with Intent to Distribute 50 grams or more of methamphetamine and one count of being a Felon in Possession of a Firearm and Ammunition. Dkt. No. 2. On June 25, 2024, Defendant filed a Motion to Suppress [Dkt. No. 26]. In the Motion to Suppress, Defendant argues that the search warrant that was executed upon her residence and led to their arrest, was issued without probable cause, and, further, that officers could not have relied on the warrant in good faith.

Defendant's Motion challenges the sufficiency of the affidavit that led to the issuance of a search warrant on Defendant's residence. The affidavit in question was authored by Officer Galen Irvin of the Sequoyah County Sheriff's Department. Dkt. No. 26-1. The affidavit describes the property to be searched as "a white in color camper trailer," and states that Irvin believes that there

will be evidence of "unlawful possession, possession with the intent to distribute, and/or distribution of controlled dangerous substances, possession of precursor(s). *Id*. The probable cause portion of the affidavit is reproduced below:

> On Friday February 9, 2024 at about 3:00 PM Investigator Dwayne Frizzell and I were contacted By Deputy Shane Petree about an arrest he had just made. Deputy Petree had arrested Christopher Cato after he located approximately 30 grams of suspected methamphetamine in his vehicle. Deputy Petree advised that Mr. Cato wished to speak with Investigators.
>
> Upon arrival Mr. Cato was taken to our interview room and the interview was audio and video recorded. Mr. Cato was read his Miranda Warning and he signed the Miranda Warning agreeing to interview. Mr. Cato told Investigator Frizzell and me that on 2/9/24 at about 12:30 pm -1 pm he went to an address behind Gum Springs Church on Highway 10A. He stated that he had purchased an ounce of methamphetamine from Tracey, who lives at this address. Mr. Cato also advised that while he was present another male subject purchased 4 to 5 ounces for $500 dollars. Mr. Cato was able to show me on a map and describe where the residence is located. I was able to identify the address as [REDACTED] I was able to identify "Tracey" as Tracey Radick (DOB 1/15/86). Mr. Cato identified Mrs. Radick by a previous booking photo and was also able to identify the residence by photo.
>
> Mr. Cato advised that Mrs. Radick stays in the camper and is currently remodeling a single wide trailer with metal siding. Also located on the property is a white in color motorhome and numerous outbuildings. Mr. Cato also advised that no one resides on the property with Mrs. Radick.

Dkt. No. 26-1, p. 2.[1]

Defendant argues that there was no probable cause for issuance of the warrant because Officer Irvin relied entirely upon a "tip" from Christopher Cato, and Irvin did not sufficiently corroborate Cato's statements to establish probable cause. Dkt. No. 26, p. 5-7. Defendant further argues that the affidavit did not establish probable cause to believe that contraband remained on Defendant's property at the time that Irvin sought the warrant. Id. at 8-9. Lastly, Defendant maintains that the affidavit in question was so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; thus, suppression is justified under *United*

---

[1] This excerpt is reproduced as it appears in Defendant's filing. Dkt. No. 26-1. Defendant's address was redacted from the Affidavit in Defendant's submission, and it is redacted in this excerpt.

*States v. Leon*, 468 U.S. 897 (1984).  Dkt. No. 26 at 9-11.

Defendant's Motion to Suppress was referred to Magistrate Judge Jason A. Robertson, who, following a hearing on the matter, issued a Report and Recommendation recommending denial of Defendant's Motion to Suppress.  Dkt. No. 43.  Magistrate Judge Robertson found that there was sufficient corroboration and indicia of reliability in the information provided by the informant, Mr. Cato, to support a finding of probable cause.  The Report and Recommendation also finds that there was a sufficient nexus between the location to be searched and the contraband that officers were searching for, and Defendant's case law citations in this regard were distinguishable.

## ANALYSIS

**I.     There was probable cause for issuance of the search warrant.**

Defendant timely objected to the Report and Recommendation.  Dkt. No. 45.  Defendant objects to Magistrate Judge Robertson's finding that there was a sufficient basis in probable cause for issuance of the warrant; much of Defendant's objection is a restating of the arguments in Defendant's Motion.  Dkt. No. 45.  After de novo review, this Court overrules Defendant's objection and adopts Magistrate Judge Robertson's Report and Recommendation.

**A.     Standard of review and applicable legal standards**

This Court will "consider de novo" Defendant's objections to Magistrate Judge Robertson's Report and Recommendation.  Fed. R. Crim. P. 59(b).

The Fourth Amendment to the United States Constitution protects citizens against unreasonable searches and seizures and provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."  U.S. Const. amend. IV.  In assessing whether probable cause

exists for the issuance of a warrant, the United States Supreme Court has held that a magistrate must "make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983).  A "fair probability" is "not an airtight guarantee; nor is it 'proof that something is more likely true than false.'" *United States v. Jenkins*, 819 F. App'x 651, 658 (10th Cir. 2020) (citing *United States v. Denson*, 775 F.3d 1214, 1217 (10th Cir. 2014)).

In cases involving an informant, such as this one, the totality of the circumstances inquiry involves consideration of:

> the informant's track record of providing accurate information, corroboration of an informant through independent evidence, face-to-face delivery of information, statements against the informant's penal interest, ability of the informant to observe the events first-hand, explicit or detailed descriptions of the alleged wrongdoing, potential motivations to lie, predictive accuracy of the information, and contemporaneous reporting.

*United States v. Jackson*, 2024 U.S. App. LEXIS 10555, *4-5 (10th Cir. May 1, 2024)[2] (citing *Gates*, 462 U.S. at 234; *United States v. Brown*, 496 F.3d 1070, 1075, 1077, 1079 (10th Cir. 2007); *United states v. Jenkins*, 313 F.3d 549, 554-55 (10th Cir. 2002); *United States v. Sturmoski*, 971 F.2d 452, 457 (10th Cir. 1992)).  Moreover, information that provides "highly specific or personal details from which one could reasonable infer that the informant had firsthand knowledge about the claimed criminal activity" is more likely to support a finding of probable cause.  *United States v. Quezada-Enriquez*, 567 F.3d 1228, 1233 (10th Cir. 2009).

Lastly, scrutiny of the original magistrate's decision to issue a warrant "should not take the

---

[2] Unpublished cases are not precedential but may be cited for persuasive value. See Fed. R. App. P. 32.1.

form of *de novo* review," and the magistrate's decision "should be paid great deference" by a reviewing court. *Gates*, 462 U.S. at 236. The reviewing court should simply "ensure that the magistrate had a substantial basis for concluding that probable cause existed." *Id*. at 238-239 (internal citations omitted).

> **B.     The affidavit provided a substantial basis for concluding that probable cause existed.**

Defendant has asserted four discrete objections to the Report and Recommendation; these objections may be fairly characterized as all objecting to Magistrate Judge Robertson's finding that the affidavit for the search warrant at issue provided probable cause to search Defendant's residence. To address Defendant's objections, this Court will review Magistrate Judge Robertson's probable cause determination de novo, though, of course, this Court *does not* review the conclusions of the magistrate who issued the warrant de novo. *Gates*, 462 U.S. at 236.

Defendant's objections make much of what was not done to substantiate the information received from Cato, but, in doing so, Defendant ignores the indicia of reliability present in Cato's account and the steps taken by Officer Irvin to substantiate Cato's information. Firstly, it should be noted that this is not a situation where officers are presented with an anonymous tipster; rather, Cato was known to the investigating officers. When the tipster is known to officers, "a lesser degree of corroboration is required." *See United States v. Brown*, 496 F.3d 1070, 1075 (10th Cir. 2007) (*quoting United States v. Elmore*, 482 F.3d 172, 180 (2d Cir. 2007). While the affidavit gives no particular background on Cato or indicates that he is particularly trustworthy, it is nevertheless the case that Cato was known to officers and could have been "held accountable" if his allegations turned out to have been fabricated. See, *Jenkins,* 313 F.3d at 554. For similar reasons, it is relevant that Cato gave his information face-to-face.

There were further indicia of reliability in the information that Cato provided. Cato's

information is first-hand. *Id*. Cato purported to have personally been party to a drug transaction with Defendant and, further, to have personally witnessed Defendant engage in another large drug transaction while he was visiting Defendant. Cato's statements were contrary to his own criminal interest; he admitted to purchasing a good deal of methamphetamine. *Id*. at 555 (citing *Sturmoski*, 971 F.2d at 457). While Cato likely expected some sort of benefit from providing this information, Defendant's representations in this regard are speculative. Moreover, because Cato likely sought to benefit his criminal interest, it does not follow that this would provide a motive to falsify the information provided: no criminal would think to help his case by providing verifiably false information to police. Lastly, the information provided by Cato was quite detailed: he was able to provide the precise location of Defendant's residence; he related the transaction of the other man in detail, down to the quantity of meth sold and the price; he told police that Defendant resides alone, "stays in the camper and is remodeling a single wide trailer with metal siding," and apparently described the other buildings on the property. These are details consistent with actual, personal knowledge.

Given these indicia of reliability, Officer Irvin took sufficient steps to corroborate Cato's information. Cato stated that he had purchased an ounce of methamphetamine; this approximate amount of methamphetamine was found on Mr. Cato's person. Officer Irvin identified the address as belonging to Tracey Radick; this corroborated Cato's account of purchasing methamphetamine from "Tracey." Subsequently, Cato identified the residence in question by photo and identified Defendant as the individual who had sold him methamphetamine from a prior booking photo. Given all of the other indicia of reliability discussed earlier, this Court agrees that Officer Irvin was not required to take any further steps to substantiate Cato's information, and the Sequoyah County Magistrate Judge was justified in issuing the warrant, as all of the above provided "a

substantial basis for concluding that probable cause existed." *Gates* 462 U.S. at 238-239.

Defendant argues that there was an insufficient connection between Radick's residence and the contraband because the affidavit does not establish that contraband still remained at Radick's residence; supporting this proposition, Defendant cites *United States v. Rowland*, 145 F.3d 1194 (10th Cir. 1998). Dkt. No. 45, p. 7-8. Defendant's reliance upon *Rowland* is misplaced. As correctly observed by Magistrate Judge Robertson, *Rowland* bears no resemblance to the facts of this case; *Rowland* concerned the execution of an anticipatory search warrant at the defendant's residence, even though there was no probable cause to believe that the contraband was actually at the residence. In the present case, there was probable cause to believe that Defendant was trafficking methamphetamine from her residence; Cato informed officers that Defendant had, on the same day that the warrant was obtained, sold 5-6 ounces of methamphetamine from her residence. This was more than sufficient for the issuing court to find that there was probable cause to believe that further amounts of methamphetamine would be found in Defendant's residence.

Lastly, Defendant argues that the warrant affidavit failed to sufficiently identify *which* of the buildings on Radick's property contained the contraband. Dkt. No. 45, p. 7-8. Again, this Court does not agree. The warrant affidavit expressly states that the residence to be searched is a "white in color camper trailer." Dkt. No. 26-1, p. 2. The affidavit describes that Radick lives in this camper trailer and describes Cato's interactions with Radick. The affidavit permits the reasonable inference that Cato transacted with Radick in her residence and there was probable cause that contraband would be located there.

## II.  Even if there were not sufficient probable cause for issuance of the warrant, suppression would not be justified under *Leon*.

Exclusion is not warranted in every case in which there has been a violation of the Defendant's Fourth Amendment rights.[3]  In *United States v. Leon*, the United States Supreme Court held that suppression of evidence, even if obtained in violation of the Fourth Amendment, is not warranted when an officer's conduct is objectively reasonable and, particularly, "when an officer acting with objective good faith has obtained a search warrant from a judge or magistrate and acted within its scope." 468 U.S. 897, 922 (1984).  "In the ordinary case, an officer cannot be expected to question the magistrate's probable-cause determination or his judgment that the form of the warrant is technically sufficient." *Id.* at 921.  As such, an officer's acts are presumed to have been taken in good faith when the officer acts pursuant to a warrant. *United States v. Henderson,* 595 F.3d 1198, 1201 (10th Cir. 2010).

*Leon* describes four circumstances in which exclusion may be warranted, even though the officer's actions are supported by a warrant:

> (1) where "the magistrate or judge in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth";
>
> (2) where "the issuing magistrate wholly abandoned his judicial role";
>
> (3) where an affidavit is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable"; and
>
> (4) where the warrant is "so facially deficient…that the executing officers cannot reasonably presume it to be valid."

*Leon*, 468 U.S. at 923 (internal citations omitted); see also, *United States v. Smith,* 846 F. App'x 641, 645 (10th Cir. 2021).

---

[3] Though this issue was not addressed by Magistrate Judge Robertson, it was raised in Defendant's Motion to Suppress [Dkt. No. 26].  The Court finds it appropriate to opine on this issue.

8

### A.     The good faith exception would apply under these circumstances.

Of the four circumstances envisioned by *Leon*, in which exclusion may nevertheless be warranted despite the officer having obtained and relied upon a warrant, none are applicable to this case. Defendant argues that the affidavit in question was so lacking in indicia of probable cause that an officer could not have reasonably believed that probable cause existed. Dkt. No. 26, p. 9-11.

As detailed above, it is this Court's view that there were sufficient indicia of probable cause, such that the issuing magistrate "had a substantial basis for concluding that probable cause existed." *Gates*, 462 U.S. at 238-239. However, even if there was insufficient independent corroboration of the information provided by Christopher Cato, it is not the case that the probable cause affidavit was "bare bones" or so lacking in indicia of probable cause that no officer could have reasonably relied upon it. There were sufficient indicia of reliability in Cato's statements to Officer Irvin that the affidavit cannot be classified as "bare bones." Officer Irvin received information from a *known* informant, who could be held accountable for lying to law enforcement; the information itself was specific and detailed, and it inculpated Cato in criminal activity. Officer Irvin then took appropriate steps, as set forth in the probable cause affidavit, to corroborate Cato's statements. In short, Irvin acted reasonably in obtaining and in relying upon the search warrant in this matter. Exclusion would not have been justified under *Leon*.

## CONCLUSION

Upon de novo review of the issues raised in Defendant's Objection [Dkt. No. 45] to Magistrate Judge Robertson's Report and Recommendation [Dkt. No. 43], the Court finds that Defendants' Motion to Suppress [Dkt. No. 26] should be denied for all of the reasons set forth herein.

IT IS THEREFORE ORDERED that Defendant's Objection [Dkt. No. 45] is overruled, and the Court accepts Magistrate Judge Robertson's Recommendation that the Motion to Suppress be denied.

Dated this 19th day of September 2024.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE